UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

WILLIAM RAY BLACK                                                           PETITIONER

VERSUS                                     CIVIL ACTION NO. 1:07CV1159-HSO-RHW

JACQUELYN BANKS                                                            RESPONDENT

## PROPOSED FINDINGS OF FACT AND RECOMMENDATION

Petitioner William Ray Black filed a 28 U.S.C. § 2254 petition for writ of habeas corpus challenging the constitutionality of his conviction and sentence in State court for armed robbery and for being a convicted felon in possession of a handgun.  On May 9, 2008, Petitioner filed in the same civil action a [13] Motion for Preliminary Injunction and Temporary Restraining Order. The undersigned addresses only the pending motion at this time and not the merits of the habeas petition itself.

In his motion, Petitioner alleges that his First and Fourteenth Amendment rights have been violated because he is being subjected to retaliatory measures and harassment from prison officials;  he has been denied access to legal materials and to the courts;  and prison officials have tampered with his legal mail.

The undersigned finds that Petitioner's motion does not relate to the constitutionality of his conviction and sentence.  Rather, he is asserting constitutional claims regarding the conditions of his confinement.  Such claims are not appropriately presented in the context of a 28 U.S.C. § 2254 habeas petition.  An inmate's challenge to conditions of confinement, including allegations of retaliation, tampering with mail, and denial of access to courts, should be brought in the context of a 42 U.S.C. § 1983 civil rights complaint.  *See e.g. Clarke v. Stadler*, 154 F.3d

186 (5th Cir. 1998); *Walker v. Navarro County Jail*, 4 3d 410 (5th Cir. 1993).  The allegations

underlying Petitioner's motion do not implicate the fact or duration of his confinement;

therefore, Petitioner has chosen the wrong vehicle for challenging alleged violations of his

conditions of confinement.  *See Cook v. Texas Dep't of Criminal Justice*, 37 F.3d 166, 168 (5th

Cir. 1994).  Moreover, Petitioner fails to demonstrate that the alleged constitutional violations

have in any way affected his ability to present the habeas petition now pending before the Court.

To the contrary, on October 26, 2007, Petitioner filed what appears to be a thorough and timely

§ 2254 petition.  He also has filed a 25-page [12] reply to the State's [8] response, replete with

citations to relevant case law and arguments in support of his claims.  The habeas petition is now

fully briefed and ready for the Court's consideration.  The undersigned finds that Petitioner has

failed to demonstrate any necessity for the entry of a preliminary injunction or TRO with respect

to the prosecution of his § 2254 petition.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Petitioner's [13] Motion for

Preliminary Injunction and for Temporary Restraining Order should be denied.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must

serve and file written objections within ten (10) days after being served with a copy unless the

time period is modified by the District Court.  A party filing objections must specifically identify

those findings, conclusions, and recommendations to which objections are being made; the

District Court need not consider frivolous, conclusive, or general objections.  Such party shall

file the objections with the Clerk of the Court and serve the objections on all other parties.  A

party's failure to file such objections to the proposed findings, conclusions, and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed **factual findings and legal conclusions** accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED, this the 24th day of June, 2008.

s/ *Robert H. Walker*
UNITED STATES MAGISTRATE JUDGE