UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

WILLIAM RAY BLACK                                                                                            PLAINTIFF

VERSUS                                                    CIVIL ACTION NO. 1:07CV1159-HSO-RHW

JACQUELYN BANKS et al                                                        DEFENDANTS

**PROPOSED FINDINGS OF FACT AND RECOMMENDATION**

      Before the Court is Petitioner William Ray Black's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  According to the evidence and testimony presented at trial, a man entered the Subway restaurant in Kiln, Mississippi on February 6, 2004, pointed a handgun at the two employees behind the counter and demanded money from the register.  *See Black v. State of Mississippi*, 949 So.2d 105, 106-08 (Miss. App. 2007).  The employees complied.  Prior to the robbery, Black's neighbors saw him with a gun that was later identified in the security video as the gun used to commit the robbery.  The neighbors heard Black say that he needed the gun in case he needed to rob someone.  Black admitted that the gun belonged to him.  Black also owned a jacket identified by the Subway employees as worn during the robbery.  The employees also recognized Black's blue eyes from a photograph of him.  Black's friend and roommate, Rodney Harbin, testified that Black came home around 9:15 p.m. of the night of the robbery acting paranoid and nervous.  According to Harbin, Black was jumping around calling himself Jesse James and claiming that he had made some money.  Black showed Harbin a brown paper bag containing approximately $130.  At the conclusion of the trial, the jury convicted Black of armed robbery and carrying a weapon as a convicted felon.  The trial court sentenced Black as an habitual offender and imposed concurrent sentences of 40 years for armed robbery and three years for possession of a weapon.

Black filed a direct appeal from his conviction and sentence in which he raised the following claims: (1) the trial court erred by not granting a new trial or a judgment notwithstanding the verdict of the jury; (2) the conviction was based on a two-person photo lineup; (3) the jury verdict was against the overwhelming weight of the evidence; and (4) the trial court erred when it sentenced Black as an habitual offender. The Mississippi Court of Appeals affirmed Black's conviction and sentence. *See Black*, 949 So.2d at 109.

Black then filed a Motion for Post-Conviction Collateral Relief with the Mississippi Supreme Court in which he raised 12 assignments of error: (1) failure to establish jurisdiction due to an improper search and seizure; (2) evidence obtained as a result of illegal search and seizure should have been suppressed; (3) illegal and suggestive photo line-up; (4) trial court denied Petitioner a suppression hearing; (5) defective indictment and capias; (6) indictment failed to carry the "filed" mark by the Clerk of Court, in violation of Miss. Code Ann. § 99-7-9; (7) the state failed to obtain a certified document of Black's prior conviction for use in enhancing punishment as an habitual offender; (8) trial court exceeded its authority in the language used at sentencing; (9) trial court should have conducted an evidentiary hearing relating to the Brady rule; (10) ineffective assistance of counsel; (11) denial of due process; and (12) falsified and perjured testimony used at trial against Black. The Mississippi Supreme Court denied the motion for post conviction relief. Specifically, the Court concluded that issues 1, 2, 4, 5, 6, and 8 were procedurally barred pursuant to Miss. Code Ann. § 99-39-21(1), because they could have been raised at trial or on direct appeal. Alternatively, the court held the issues to be without merit. With respect to issues 3 and 7, the court held that they were barred by the doctrine of *res judicata*. The court denied issues 9, 10, 11, and 12 on the merits.

Black then filed the instant petition for writ of habeas corpus. To a large degree, the claims raised in this petition parallel the claims raised in his motion for post conviction relief. Specifically, he asserts (1) failure to establish jurisdiction due to an illegal search and seizure; (2) evidence obtained by police misconduct should have been suppressed; (3) illegal, suggestive photo line-up; (4) defective indictment; (5) indictment failed to carry the "filed" mark of the clerk of court; (6) the state failed to obtain certified document showing proof of prior conviction; (7) trial court exceeded its authority in the language used at sentencing; (8) denial of evidentiary hearing relating to surveillance tape; (9) ineffective assistance of counsel; (10) denial of due process as a result of falsified testimony and improper equipment used by State; (11) prosecution knowingly used false testimony; and (12) falsified and perjured testimony used at trial.

**State Procedural Bar (Issues 1, 2, 4, 5 & 7)**

With respect to the claims numbered 1 (jurisdictional defect resulting from improper search and seizure), 2 (tainted evidence used from illegal search and seizure), 4 (defective indictment), 5 (missing "filed" stamp), and 7 (trial court exceeded authority in language used at sentencing), the Mississippi Supreme Court considered these issues in Black's motion for post-conviction relief and held them to be procedurally barred pursuant to Miss. Code Ann. § 99-39-21(1). Section 99-39-21(1) states in relevant part that

> [f]ailure by a prisoner to raise objections, defenses, claims, questions, issues or errors either in fact or law which were capable of determination at trial and/or on direct appeal, regardless of whether such are based on the laws and the Constitution of the state of Mississippi or of the United States, shall constitute a waiver thereof and shall be procedurally barred, but the court may upon a showing of cause and actual prejudice grant relief from the waiver.

The Mississippi Supreme Court held that these issues could have been raised either at trial or on

3

direct appeal and therefore are procedurally barred.

Federal courts will not consider claims on habeas review that were denied by a state court due to an "independent and adequate" state procedural rule unless a petitioner demonstrates cause and actual prejudice. *See Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). State procedural bars are independent and adequate when the state has "strictly or regularly applied [them]." *See Stokes v. Anderson*, 123 F.3d 858, 860 (5th Cir. 1997). Habeas review is available absent proof of cause and actual prejudice when a petitioner proves his innocence of the crime of conviction and thereby shows that a "fundamental miscarriage of justice" occurred. *See Murray v. Carrier*, 477 U.S. 478, 496 (1986). Petitioner must introduce new facts that raise "sufficient doubt" to undermine confidence in the trial court's decision. *See Schlup v. Delo*, 513 U.S. 298, 317 (1995).

The Fifth Circuit has recognized that § 99-39-21(1) contains an independent state procedural bar. *Id.* The question then becomes whether the bar is adequate in that the Mississippi Supreme Court has strictly or regularly applied it to claims identical or similar to those raised by Black. Black has made no effort in his petition or pleadings to demonstrate that the Mississippi Supreme Court has not applied § 99-39-21(1) strictly or regularly to claims such as his. Nor has he attempted to demonstrate cause for the default or prejudice. Moreover, Black has not attempted to demonstrate a "fundamental miscarriage of justice." Black is unable to demonstrate "as a factual matter, that he did not commit the crime of conviction" which is required for demonstrating a fundamental miscarriage of justice. *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999). He merely reasserts his theory that Harbin committed the crime and that Black is the victim of mistaken identification. This theory was presented at trial and rejected by

4

the jury. The undersigned finds that Black has failed to overcome the state procedural bar of § 99-39-21(1).

### **Remaining Claims (Issues 3, 6, 8, 9, 10, 11[1] & 12)**

With respect to the remaining issues, they were presented to the Mississippi Court of Appeals on direct appeal and/or to the Mississippi Supreme Court in Black's motion for post-conviction relief. The court considered these claims and denied them on the merits. Thus, these claims have been properly exhausted by Petitioner and this Court must consider them in light of the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA).

28 U.S.C. § 2254 (d) provides:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Federal habeas courts review claims addressing questions of law or mixed questions of law and fact that were adjudicated on the merits in state court only when subsection (d)(1) applies. *See Morris v. Cain*, 186 F.3d 581, 584 (5th Cir. 2000). Thus, a state court decision on the merits of a mixed question of law and fact will be reviewed only upon a showing that the decision was

---

[1] Respondent asserts that issue 11, the falsified testimony of Rodney Harbin, is an unexhausted claim. Upon review of the state court proceedings, Black arguably exhausted this claim. Out of an abundance of caution, the undersigned addresses issue 11 along with issues 10 and 12, which also relate to the credibility of witness testimony.

contrary to federal law or involved unreasonable application of federal law.  A state court decision is contrary to federal law when it is opposite to a United States Supreme Court decision and when it is at variance with a Supreme Court decision upon "materially indistinguishable facts." *See Williams v. Taylor*, 529 U.S. 362, 413 (2000).  A state court decision involves unreasonable application of federal law when the state court properly identifies the applicable federal principle but applies it in an objectively unreasonable manner.  *Id*. at 409.  Federal habeas courts presume that state court factual findings are correct unless the findings are "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."  *See Knox v. Johnson*, 224 F.3d 470, 476 (5th Cir. 2000).

### Photo Line-up (Issue 3)

Black argues that the prosecution used an illegal and suggestive photo line-up in its investigation of the armed robbery at the Subway restaurant.  Diana Smith was one of the workers behind the counter at the Subway restaurant where Black is alleged to have committed the crime.  Investigator Tom Roan showed Smith two photos, one of Black and the other of his roommate Harbin.  Smith identified Black as the robber.  She based this identification in part upon the distinctiveness of Petitioner's blue eyes.  Black argues that the photo line-up should have included six photos instead of only two.

The Court of Appeals denied this issue on direct appeal, holding that Black did not seek the pre-trial suppression of Smith's testimony as an eyewitness nor did he offer a contemporaneous objection to Smith's testimony.  The photographs were not introduced as evidence at trial, and Smith made an in-court identification of Black.  The court further observed that Black's attorney cross-examined Smith at trial regarding her view of the two photos and her

recollection of the robbery incident.

In his § 2254 petition, Black makes no effort to explain how the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. He merely argues that the two-person photo line-up was unreasonably suggestive and planted the seed of guilt in the mind of the witness and the jury. The Mississippi Court of Appeals concluded that "[t]he jury heard and observed Diana's testimony, clearly believing that Diana's reaction to viewing the photograph of Black's eyes was sufficient for identification purposes." Black argues extensively about the reliability of Smith's testimony, but he fails to demonstrate that the state court's decision was based on an unreasonable determination of facts in light of the evidence presented at trial.

### Certified Prior Conviction (Issue 6)

Black argues that the state failed to meet its burden of proof regarding his status as an habitual offender because it failed to obtain a "certified document" of proof of his prior convictions as required by Miss. Code Ann. § 99-19-81. The record of the state court demonstrates that the prosecution presented evidence of three prior convictions in Kentucky via pen pack. Black did not object to the pen pack being admitted into evidence. Moreover, in responding to the trial judge's questions at sentencing, Black admitted to all three felonies presented in the pen pack.

Errors of state law are not the subject of federal habeas review, unless they rise to the level of a denial of rights protected by the United States Constitution. *See Wainwright v. Goode*, 464 U.S. 78 (1993). The proper interpretation or application of a state criminal statute is not cognizable under § 2254. *See Arnold v. Cockrell*, 306 F.3d 277, 279 (5th Cir. 2002); *Beasley v.*

*Johnson*, 242 F.3d 248, 261 (5th Cir. 2001).  Black points to what he perceives to be a technical error with respect to the application of a state criminal statute.  This is not a sufficient basis for granting habeas relief.  Black has not presented any evidence or argument to suggest that he in fact did not have three prior convictions.

### **Evidentiary Hearing (Issue 8)**

Black argues that the trial court erred when it denied him an evidentiary hearing.  He asserts that "[t]he equipment used to view the robbery was not satisfactory with the original or the copy of the surveillance tape."  Black argues that his "left hand is visibly handicapped and the equipment used couldn't slow the tape down enough nor could it zoom in to show the suspects ungloved left hand."  According to Black, the surveillance tape could have changed the outcome of the trial.

The undersigned finds that Black has not identified the violation of any constitutional right with respect to the video equipment.  The videotape was introduced into evidence and presented for the jury's consideration.  Black did not object to the entry of the videotape into evidence or the manner of its presentation.  He did not request an evidentiary hearing regarding the videotape;  therefore, the trial court's failure to conduct an unsolicited evidentiary hearing regarding the video or the equipment used to view it cannot be deemed an error of constitutional magnitude on the part of the trial court.  The undersigned finds that Black's arguments relate more to the weight of the evidence than the constitutionality of his conviction and sentence.  His assertion that a better quality presentation of the surveillance video would have shown that the robber did not have a deformed left hand is nothing more than unsupported conjecture.  Likewise, Black's argument that if the investigator had collected DNA or fingerprint evidence he

would have been exonerated amounts to nothing more than unsupported conjecture.

To the extent that Black requests an evidentiary hearing from this Court, he has failed to meet the requirements of § 2254(e)(2). *See Murphy v. Johnson*, 205 F.3d 809, 815-17 (5th Cir. 2000). Black is attempting to re-open discovery by means of an evidentiary hearing in his search for exculpatory evidence. An evidentiary hearing is not permitted as a "fishing expedition" in the the pursuit of conclusory and speculative claims. *Id.* at 816-17.

### **Ineffective Assistance of Counsel (Issue 9)**

In his petition, Black argues that counsel was ineffective "as a result of no investigation pre-trial or in regards to allegations of prior criminal history and others." In his reply to the state's response in opposition to the habeas petition, Black expands on this theme of ineffective assistance of counsel. Specifically, he argues that counsel was ineffective because (1) he failed to request better video equipment with "zoom in" capability for viewing surveillance video; (2) counsel should have demanded DNA testing of the bandana used by the robber; (3) counsel should have demanded to view fingerprints taken at the Subway and on the handgun; (4) counsel should have demanded to see the blue jacket and brown boots worn by the robber; and (5) counsel failed to file a motion to quash the indictment as defective.

In order to establish ineffective assistance of counsel, the petitioner must prove first that his attorney's performance was deficient, and second, that he was prejudiced by this deficient performance. *See Strickland v. Washington*, 466 U.S. 668 (1984). Failure to make the required showing of either deficient performance or sufficient prejudice defeats an ineffective assistance claim. *Id.* at 700. Judicial scrutiny of counsel's performance is highly deferential and must avoid second guessing. *Id.* 689. Such scrutiny must avoid the distorting effects of hindsight. *Dowthitt*

9

*v. Johnson*, 230 F.3d 733, 743 (5th Cir. 2000).  To establish prejudice requires a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694.  Counsel's deficient performance must be "so serious as to deprive him of a fair trial, a trial whose result is reliable." *Id.* at 687.  When, as here, the state habeas court ruled on petitioner's ineffective assistance of counsel claim, the test is whether the state court's decision; i.e. that petitioner did not make the *Strickland* showing; was contrary to, or an unreasonable applications of, the standards provided by clearly established federal law for succeeding on the claim.  *Carty v. Thaler*, 583 F.3d 244, (5th Cir. 2009).  In disposing of Black's ineffective assistance of counsel claims, the Mississippi Supreme Court held without elaboration that Black failed to make the *Strickland* showing.

  In essence, the first four ineffective assistance claims raised by Black constitute a claim of failure to investigate.  A failure-to-investigate claim must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial. *Gregory v. Thaler*, 601 F.3d 347, 352 (5th Cir. 2010).  The undersigned does not find any deficiency in counsel's performance with respect to Black's failure-to-investigate claim. Regardless, Black has failed to demonstrate prejudice with respect to any of the alleged errors. He presents conjecture, but no proof or evidence, that better quality video equipment would have demonstrated that the robber in the surveillance video did not have a deformed left hand. Likewise, he merely offers up conjecture that DNA or fingerprint evidence, if collected, would have exonerated him.  Black does not explain how counsel's viewing of the blue jacket or brown boots would have had an effect on the outcome of the trial.  The mere absence of possible trial evidence, without a foundation establishing its relevance, does not demonstrate Black's

innocence. Black raises these investigative issues that in retrospect he believes should have been a part of counsel's pre-trial investigation. However, he fails to demonstrate that this investigation would have produced exculpatory evidence, only his speculative belief that they might have produced exculpatory evidence.

With respect to the allegedly deficient indictment, the undersigned finds Black's argument likewise unpersuasive. Ordinarily, the sufficiency of a state indictment is not a matter for federal habeas corpus relief unless it can be shown that the indictment was so defective that the convicting court had no jurisdiction. *See Riley v. Cockrell*, 339 F.3d 308, 313-14 (5th Cir. 2003). In this instance, however, Petitioner asserts that counsel was ineffective for failing to move to quash what he alleges was a defective indictment. Specifically, Black argues that the indictment failed to include the "arrest" element and it failed to identify the location of the handgun.

Contrary to Petitioner's assertion, the offenses of armed robbery and unlawful possession of a firearm or weapon by a convicted felon do not contain an "arrest" element. The elements for armed robbery pursuant to Miss. Code Ann. 97-3-79 are as follows:  (1) feloniously take or attempted to take another's personal property; (2) from the person or from the presence; (3) against the person's will; (4) by violence to his person, or by putting such person in fear of immediate injury to his person by the exhibition of a deadly weapon. *Cherry v. State of Mississippi*, 24 F.3d 1048, 1053 (Miss. Ct. App. 2010). Pursuant to Miss. Code Ann. 97-37-5, a person convicted of a felony is prohibited from possessing a deadly weapon. *See Speagle v. State of Mississippi*, 956 So.2d 237 (Miss. Ct. App. 2006).

Petitioner cites to case law where an arrest is an essential element of the charged offense.

For example, an arrest element is required in the case of felony escape from custody, *United States v. Edrington*, 726 F.2d 1029 (5th Cir. 1984), or in the case of an illegal re-entry after arrest and deportation, *United States v. Cabrera-Teran*, 168 F.3d 141 (5th Cir. 1999). Each of these federal offenses contains an arrest element. However, the cases cited by Black do not apply to the facts of his underlying conviction. Simply put, there is no arrest element; therefore, it would have been futile for counsel to have objected to the indictment for failing to include an arrest element. Counsel's failure to make a frivolous objection cannot serve as the basis for ineffective assistance of counsel. *See Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998). Likewise, the precise location of the handgun at the time of the offense is not an essential element of the offense of unlawful possession of a firearm. The indictment sufficiently stated that Black, being a convicted felon, "did knowingly, willfully and feloniously possess a firearm". Counsel's objection to the indictment would have been frivolous and therefore is an insufficient basis for ineffective assistance of counsel. *Id.*

### Falsified Testimony and Evidence (Issues 10, 11 & 12)

Black argues that his conviction was obtained as the result of falsified or perjured testimony. It appears that Black is calling into question the testimony of his former roommate Rodney Harbin, who gave incriminating testimony against Black, and the testimony of the two Subway employees who witnessed the robbery. Black does not explain nor offer any proof to demonstrate that any of these witnesses gave perjured or false testimony. Rather, he simply disagrees with their version of the events. Federal courts defer to the trier of fact in resolving questions about the credibility of witnesses. *Galvan v. Cockrell*, 293 F.3d 760, 764 (5th Cir. 2002). At trial, Black cross-examined the three witnesses regarding their version of the events

and the circumstances surrounding the armed robbery.  The jury was allowed to draw its own conclusions about the veracity of this testimony.  Absent something more than Black's conclusory assertion that the witnesses gave "falsified" testimony, the undersigned will not re-assess or re-weigh the credibility and testimony of the witnesses.  The undersigned finds that Black's claims of falsified testimony are without merit.

Black also presents a lengthy explanation of how better video equipment, DNA testing, and fingerprint evidence could have exonerated him at trial.  He also argues that Harbin owned a blue coat and brown boots, both of which were worn by the robber but were not listed as exhibits.  Black's conjecture about the possible effect of this evidence is an insufficient basis for granting habeas relief.  As it stands, there is no exonerating DNA or fingerprint evidence.  The videotape was presented to the jury, and there is no evidence that better quality equipment with "zoom in" capability would have shown that the robber had a deformed left hand.  Black does not point to any evidence in the record to demonstrate that Harbin owned a blue jacket and brown boots such as those worn by the robber, or that such evidence, if presented would have affected the outcome of the trial.  Again, Black's assertions are based on nothing more than speculation and go to the weight of evidence and credibility of witness testimony.  He does not raise a claim that rises to the level of an unconstitutional conviction and sentence.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Black's 28 U.S.C. § 2254 petition for writ of habeas corpus be denied.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3), *Local Uniform Civil Rules of the United States District Courts*

*for the Northern District of Mississippi and the Southern District of Mississippi*, any party who objects to this Report and Recommendation must, within fourteen (14) days after being served a copy of the Report and Recommendation file with the Clerk of this Court his written objections to the Report and Recommendation, and must serve them upon the other parties and submit them to the assigned District Judge.  Within seven (7) days of service of the objection, the opposing party or parties must either serve and file a response or notify the District Judge that they do not intent to respond to the objection.   An objecting party must specifically identify those findings, conclusions, and recommendations to which he objects; the District court need not consider frivolous, conclusive, or general objections.  A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    SO ORDERED, this the 10th day of December, 2010.

                                           s/ *Robert H. Walker*
                                           UNITED STATES MAGISTRATE JUDGE