## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

WILLIAM RAY BLACK                                                    PETITIONER

VERSUS                                      CIVIL ACTION NO. 1:07-cv-1159-HSO-RHW

JACQUELYN BANKS                                                      RESPONDENT

## MEMORANDUM OPINION AND ORDER OVERRULING PETITIONER'S OBJECTION, ADOPTING REPORT AND RECOMMENDATION, AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

This cause comes before the Court on Petitioner William Ray Black's Objection [27] to Proposed Findings of Fact and Recommendation [22] of United States Magistrate Judge Robert H. Walker entered in this cause on December 10, 2010. Magistrate Judge Walker reviewed Petitioner William Ray Black's Petition [1] for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 and related pleadings, and determined that the Petition [1] should be denied. Proposed Findings and Recommendation [22], at p. 13. After review of the record, the Court, being fully advised in the premises, finds that Petitioner's Objection should be overruled, and that said Proposed Findings of Fact and Recommendation [22] should be adopted as the opinion of this Court.

## I. BACKGROUND

Because Petitioner has filed an Objection [27] to the Magistrate's proposed findings and recommendation, the Court applies a *de novo* standard of review to the proposed findings and recommendations to which an objection is made. *See* 28 U.S.C. § 636(b)(1); Rule 8(b) of RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS. Much of Petitioner's Objection is a rehashing of

facts presented in his Petition.  To the extent that additional factual allegations are made, the Court will address them below.  Based on this review, the Court finds that the Magistrate Judge's Proposed Findings of Fact and Recommendation is well reasoned, and that it correctly finds the applicable facts and applies the governing legal standards.  As discussed in more detail below, the Court will therefore overrule Petitioner's Objection, and adopt the Magistrate Judge's Proposed Findings of Fact and Recommendation as the opinion of this Court.

Petitioner asserted twelve grounds for relief in his Petition:  (1) failure to establish jurisdiction due to an illegal search and seizure; (2) evidence obtained by police misconduct should have been suppressed; (3) illegal, suggestive photo line-up; (4) defective indictment; (5) indictment failed to carry the "filed" mark of the clerk of court; (6) the state failed to obtain certified document showing proof of prior conviction; (7) trial court exceeded its authority in the language used at sentencing; (8) denial of evidentiary hearing relating to surveillance tape; (9) ineffective assistance of counsel; (10) denial of due process as a result of falsified testimony and improper equipment used by State; (11) prosecution knowingly used false testimony; and (12) falsified and perjured testimony used at trial.  Petition [1], at pp. 5-14.  The Magistrate Judge found none of these grounds meritorious.

## II. DISCUSSION

### A.    Grounds 1, 2, 4, 5, and 7

With respect to Petitioner's grounds 1, 2, 4, 5, and 7, the Magistrate Judge noted that the Mississippi Supreme Court had determined that these were

procedurally barred, pursuant to Mississippi Code § 99-39-21(1), because they were capable of being raised at trial or on direct appeal. Proposed Findings and Recommendation [22], at p. 3; *see William Ray Black v. State of Mississippi*, No. 2007-M-01287 (Miss. Aug. 8, 2007) (Order denying Application for Leave to Proceed in the Trial Court). The Magistrate determined that Petitioner had failed to overcome the statute's procedural bar. Proposed Findings and Recommendation [22], at p. 5. In his Objection [27], Petitioner attempts to do so.

"Under the procedural default doctrine, a federal court may not consider a state prisoner's federal habeas claim when the state based its rejection of that claim on an adequate and independent state ground." *Martin v. Maxey*, 98 F.3d 844, 847 (5th Cir. 1996) (*citing Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). The burden is on the defendant to establish that the state procedural bar rule was not strictly and regularly followed at the time of his appeal. *Id.* "A state has failed to strictly and regularly apply a procedural rule only when the state 'clearly and unequivocally excuse[s] the procedural default.'" *Id.* (*quoting Amos v. Scott,* 61 F.3d 333, 339 (5th Cir. 1995)).

> Moreover, the state must fail to apply the rule to claims *identical* or *similar* to the petitioner's claim. *De minimis* exceptions will not preclude the state from asserting the procedural default doctrine; an occasional act of grace by a state court in excusing or disregarding a state procedural rule does not render the rule inadequate.

*Id.* (emphasis in original) (quotation marks and citation omitted).

When the state court decision is based on an adequate and independent state ground, a federal habeas court is barred from considering the claim unless the

petitioner can show (1) both cause for the default and actual prejudice as a result of the alleged violation, or (2) that failure to consider the claim would result in a fundamental miscarriage of justice. *Coleman,* 501 U.S. at 750. The latter exception is extremely narrow and requires establishing a "colorable claim of factual innocence." *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992) (citation omitted).

Petitioner has not demonstrated that Mississippi Code § 99-39-21(1) is an inadequate procedural bar. He has demonstrated neither cause and actual prejudice, nor a fundamental miscarriage of justice, as to any of his grounds 1, 2, 4, 5, and 7. The Court will overrule his objections and adopt the Magistrate's Proposed Findings of Fact and Recommendation as to these grounds.

B.   Grounds 3, 6, 8, 9, 10, 11, and 12

> Federal habeas relief may not be granted for claims subject to § 2254(d) unless it is shown that the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of this Court, § 2254(d)(1); *Williams v. Taylor*, 529 U.S. 362, 412, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); or that it "involved an unreasonable application of" such law, § 2254(d)(1); or that it "was based on an unreasonable determination of the facts" in light of the record before the state court, § 2254(d)(2).

*Harrington v. Richter*, 131 S. Ct. 770, 785 (2011).

Petitioner's Objection [27] focuses primarily on grounds 3, regarding the photo line-up, and 9, alleging ineffective assistance of counsel. For the first time in this proceeding, Petitioner raises in his Objection, as a factual basis for his ineffective assistance of counsel claim, his attorney's failure to object at trial to

testimony based upon the purportedly suggestive two photo line-up.[1]  The Court
finds these objections should be overruled, and that the Magistrate's Proposed
Findings of Fact and Recommendation as to these grounds should likewise be
adopted.

     1.    <u>Ground 3 – Photo Line-Up</u>

In ground 3, Petitioner argues that the prosecution used an illegal and
suggestive photo line-up consisting of only two photos, which were shown to the
victim who was robbed.  The Mississippi Court of Appeals denied this issue on
direct appeal, holding that Petitioner

> never sought the pre-trial suppression of [the victim's] testimony as an
> eyewitness nor offered any contemporaneous objection to [the victim's]
> testimony.  Black did cross-examine [the victim] at trial as to her view
> of the two photos and her recollection of the events in question.  The jury
> heard and observed [the victim's] testimony, clearly believing that [the
> victim's] reaction to viewing the photograph of Black's eyes was sufficient
> for identification purposes.  This issue is without merit.

*Black v. State*, 949 So. 2d 105, 108 (Miss. Ct. App. 2007).

---

[1]  In his Petition, Petitioner simply stated ground 9 as "Ineffectiveness of
counsel as a result of no investigation pre-trial or in regards to allegations of prior
criminal history and others."  Petition [1], at p. 12.  In his Traverse [12], Petitioner
complained of his attorney's pre-trial investigation, and identified the underlying
facts related to this ground as (a) the surveillance video, (b) DNA test on the
bandana, (c) finger prints, and (d) blue jacket and brown boots.  However, in his
Application for Leave to Proceed in the Trial Court to the Mississippi Supreme
Court, and the related Motion for Post-Conviction Collateral Relief, Petitioner
raised this issue as part of his ineffective assistance of counsel claim in issue 10.
*See* Mot. for Post-Conviction Collateral Relief, at p. 19.  The Supreme Court held
that "[t]he ineffective assistance of counsel claims raised in issue number 10 do not
pass the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984)."
Though this issue was not before the Magistrate Judge in Petitioner's Petition or
Traverse, construing his *pro se* pleadings liberally, and out of an abundance of
caution, the Court will consider this allegation under ground 9.

Petitioner has not demonstrated that the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court.  *See Harrington*, 131 S. Ct. at 785. Nor has he shown that the court's decision was based on an unreasonable determination of the facts in light of the record before it.  *See id.*

      2.    <u>Ground 9 – Ineffective Assistance of Counsel</u>

In ground 9, Petitioner argues that counsel was ineffective "as a result of no investigation pre-trial or in regards to allegations of prior criminal history and others."  Petition [1], at p. 12.  As noted above, Petitioner also now asserts that counsel was ineffective for failing to object to testimony based upon the purportedly suggestive two photo line-up.

In reviewing an ineffective assistance of counsel claim, the federal habeas court must determine whether the state court's application of the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), was unreasonable.  *Harrington*, 131 S. Ct. at 785.  This is different than determining whether the defense counsel's performance fell below *Strickland*'s standard.  *Id.* (distinguishing an unreasonable application of federal law, from an incorrect application of federal law).  "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."  *Id.* at 786 (*quoting Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The United States Supreme Court has dictated that,

> [u]nder § 2254(d), a habeas court must determine what arguments or
> theories supported or, as here, could have supported, the state court's

decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court.

*Id.*

To be entitled to relief from the Mississippi Supreme Court, Petitioner "had to show both that his counsel provided deficient assistance and that there was prejudice as a result." *Id.* The United States Supreme Court has explained that,

> [t]o establish deficient performance, a person challenging a conviction must show that "counsel's representation fell below an objective standard of reasonableness." [*Strickland*,] 466 U.S. at 688, 104 S.Ct. 2052. A court considering a claim of ineffective assistance must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. *Id.*, at 689, 104 S.Ct. 2052. The challenger's burden is to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.*, at 687, 104 S.Ct. 2052.

> With respect to prejudice, a challenger must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*, at 694, 104 S.Ct. 2052. It is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.*, at 693, 104 S.Ct. 2052. Counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.*, at 687, 104 S.Ct. 2052.

> "Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. ----, ----, 130 S. Ct. 1473, 1485, 176 L.Ed.2d 284 (2010). An ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, and so the *Strickland* standard must be applied with scrupulous care, lest "intrusive post-trial inquiry" threaten the integrity of the very adversary process the right to counsel is meant to serve. *Strickland*, 466 U.S., at 689-690, 104 S.Ct. 2052. Even under *de novo* review, the standard for judging counsel's representation is a most deferential one. Unlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge. It is "all too tempting" to

"second-guess counsel's assistance after conviction or adverse sentence." *Id.*, at 689, 104 S.Ct. 2052; *see also Bell v. Cone*, 535 U.S. 685, 702, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002); *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). The question is whether an attorney's representation amounted to incompetence under "prevailing professional norms," not whether it deviated from best practices or most common custom. *Strickland*, 466 U.S., at 690, 104 S.Ct. 2052.

Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both "highly deferential," *id.*, at 689, 104 S.Ct. 2052; *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and when the two apply in tandem, review is "doubly" so, *Knowles*, 556 U.S., at ----, 129 S.Ct. at 1420. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. 556 U.S., at ----, 129 S.Ct. at 1420. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

*Harrington*, 131 S. Ct. at 787-88.

In this case, the Mississippi Supreme Court determined that Petitioner's ineffective assistance of counsel claims did not pass the *Strickland* standard. *William Ray Black v. State of Mississippi*, No. 2007-M-01287 (Miss. Aug. 8, 2007) (Order denying Application for Leave to Proceed in the Trial Court). This Court is persuaded that because there are reasonable arguments that Petitioner's counsel satisfied *Strickland*'s deferential standard, the state court's application of *Strickland* was not unreasonable. *See Harrington*, 131 S. Ct. at 788. Consequently, the Court will overrule this objection.

   3.   <u>Grounds 6, 8, 10, 11, and 12</u>

As for his remaining asserted grounds for relief, Petitioner has not

articulated any objections to the Magistrate Judge's Proposed Findings of Fact and Recommendation.  The Court therefore finds that the Magistrate Judge's Proposed Findings of Fact and Recommendation as to grounds 6, 8, 10, 11, and 12 are not clearly erroneous or contrary to law, *see* 28 U.S.C. § 636(b)(1), and should be adopted as the opinion of this Court.[2]

C.   Double Jeopardy

In his Objection [27], Petitioner apparently seeks habeas corpus relief, for the first time, on double jeopardy grounds.  Obj. [27], at pp. 7-9, 13-14.  He contends that his convictions for armed robbery and possession of a weapon violate the Double Jeopardy Clause of the Constitution.  This is a new issue which was not presented for review to either the Mississippi Court of Appeals on direct appeal, or to the Mississippi Supreme Court on motion for post-conviction relief.  Petitioner has not properly exhausted this claim in state court.  Nor did he include this ground in his initial Petition [1] in this Court.  Moreover, even if considered on the merits, the Court concludes that the convictions in this case did not violate the principles of double jeopardy.  This objection will likewise be overruled.

---

[2] In ground 11, Petitioner argued that the prosecution knowingly used falsified testimony from its witness, Rodney Harbin.  Petition [1], at p. 13.  In his objection, Petitioner states that Harbin's testimony that Petitioner "showed Harbin a brown paper bag containing $130.00 or a thousand dollars is hearsay testimony, because at no time was there ever any bag at trial or otherwise to support Harbin's contention and conflicting statements."  Obj. [27] at pp. 10-11.  The Court does not construe this as an objection to the Magistrate's finding on ground 11, but to the extent that it is, the Court is nevertheless persuaded that this evidentiary objection should be overruled.  In addition to any procedural bars which may preclude review of this claim, any testimony by Harbin regarding what Petitioner might have shown him would clearly not be hearsay.

III.  <u>CONCLUSION</u>

For the reasons stated herein, the Court will overrule Petitioner's Objection [27] and adopt the Magistrate Judge's Proposed Findings of Fact and Recommendation [22] as the opinion of this Court.  Petitioner William Ray Black's Petition [1] for Writ of Habeas Corpus will be dismissed.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff's Objection [27] filed in this cause on January 18, 2011, should be, and hereby is, **OVERRULED.**

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Proposed Findings of Fact and Recommendation [22] of Magistrate Judge Robert H. Walker, entered on December 10, 2010, should be, and hereby is, adopted in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Petition [1] for Writ of Habeas Corpus filed by Petitioner William Ray Black, pursuant to 28 U.S.C. § 2254, should be and hereby is **DISMISSED WITH PREJUDICE**.  A separate judgment will be entered herein in accordance with this Order as required by Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 31st day of March, 2011.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE